UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **MARCIA BURRELL**, ) | |
| Plaintiff ) | |
| ) | |
| v. ) | **Case No.:** |
| ) | |
| **UNITED COLLECTION BUREAU**, ) | **COMPLAINT AND DEMAND FOR** |
| ) | **JURY TRIAL** |
| Defendant ) | |
| ) | **(Unlawful Debt Collection Practices)** |
| ) | |

# COMPLAINT

MARCIA BURRELL ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against UNITED COLLECTION BUREAU. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Michigan and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Detroit, Michigan 48215.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

8. Defendant is a national debt collection company with its corporate headquarters located at 4400 N High St, Columbus, OH 43214.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

10. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12.     Plaintiff has a cellular telephone.

13.     Plaintiff has only used this phone as a cellular telephone.

14.     Defendant collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone and/or internet.

15.     The alleged debt Defendant was collecting on were incurred as part of a purchase agreement and arose out of transactions that were primarily for personal, family, or household purposes.

16.     By way of background, beginning in or around 2015, Defendant began placing repeated harassing telephone calls to Plaintiff's cellular telephone.

17.     Defendant's harassing debt collection calls derived from numbers including, but not limited to (800) 333-7729. The undersigned has confirmed that this number belongs to the Defendant.

18.     Desiring to stop Defendant's repetitive calls, Plaintiff spoke to Defendant in or around May 2016 and requested that Defendant stop calling her.

19.     Once Defendant was informed that its calls were unwanted and to stop, there was no lawful purpose to making further calls, nor was there any good faith and reason to place calls.

20.     However, Defendant failed to restrict its calls to Plaintiff's cellular

telephone and continued to call her between June 2016 and April 2017.

21. Once Defendant knew its calls were unwanted any further calls could only have been placed for the purpose of harassing Plaintiff.

22. These additional calls were frustrating and annoying for Plaintiff, especially since Defendant would call her while at work and during work meetings.

23. Defendant also contacted Plaintiff's mother in order to inquire about Plaintiff's whereabouts and to seek more information on the alleged debt.

24. Plaintiff never authorized Defendant to speak with her mother.

25. Further, Defendant was already in contact with Plaintiff and did not need location information about Plaintiff.

26. When contacting Plaintiff, Defendant used an automatic telephone dialing system and/or a pre-recorded voice.

27. Plaintiff knew that Defendant was using an automatic telephone dialing system and/or a pre-recorded voice as she received automated voice messages from Defendant regarding the alleged debt.

28. Defendant's calls were not for emergency purposes.

## COUNT I
## **DEFENDANT VIOLATED §1692 d and d(5) OF THE FDCPA**

29. A debt collector violates § 1692d of the FDCPA by engaging in conduct of the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

30. A debt collector violates § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

31. Here, Defendant violated §§ 1692d and 1692d(5) of the FDCPA when it repeatedly called Plaintiff on her cellular telephone between June 2016 and April 2017 with knowledge its calls were unwanted, and when it contacted Plaintiff's mother after already being in contact with Plaintiff in order to harass her.

## COUNT II
## **DEFENDANT VIOLATED §1692c(b) OF THE FDCPA**

32. A debt collector violates § 1692c(b) of the FDPCA by communicating in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

33. Here, Defendant violated § 1692c(b) of the FDCPA by communicating with Plaintiff's mother about the debt.

## COUNT III
## **DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT**

34. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

35. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

36. Defendant's calls to Plaintiff were not made for emergency purposes.

37. Defendant's calls to Plaintiff, on and after May 2016, were not made with Plaintiff's prior express consent.

38. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

39. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

40. As a result of the above violations of the TCPA, Plaintiff has suffered

the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, MARCIA BURRELL, respectfully prays for a judgment as follows:

  a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

  b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

  c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

  d. All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

  e. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

  f. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

  g. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

  h. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, MARCIA BURRELL, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Dated: June 13, 2017

By: /s/ Amy L. Bennecoff Ginsburg
Amy L. Bennecoff Ginsburg (275805)
Kimmel & Silverman, P.C
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Facsimile (215) 540-8817
Email: aginsburg@creditlaw.com
Attorney for Plaintiff

PLAINTIFF'S COMPLAINT